# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| NECO MURRAY, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-00087-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| PACIFIC ARCHITECTS AND ENGINEERS, | ) | |
| INC., a foreign corporation, C. MARTIN | ) | |
| COMPANY, a foreign corporation, JOHN | ) | |
| PRICE, individually and in his capacity; JOHN | ) | |
| CASSEL, individually and in his capacity; | ) | |
| DOES 1-10, and ROE Corporations A through | ) | |
| Z, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 12) filed by Defendants C. Martin Company ("C. Martin") and John Price ("Price").  Plaintiff Neco Murray ("Plaintiff") filed a Response in Opposition (ECF No. 19), and Defendants C. Martin and Price filed a Reply in Support (ECF No. 24).  Also pending before the Court is the Motion to Dismiss (ECF No. 14) filed by Defendant Pacific Architects and Engineers, Inc. ("PAE").  Plaintiff filed a Response in Opposition (ECF No. 21), and PAE filed a Reply in Support (ECF No. 23).

## I.    BACKGROUND

According to the Complaint, Plaintiff is an African-American male who was hired as an HVAC technician by C. Martin on or about September 26, 2011. (Compl. ¶¶ 11–12, ECF No. 1).  During all relevant times, PAE was a general contractor who contracted with C. Martin to perform certain work involving Plaintiff. (*Id.* ¶ 13).  Defendants Price and John Cassel ("Cassel") were Plaintiff's supervisors during his employment with C. Martin. (*Id.* ¶ 5).

Plaintiff alleges that during the course of his employment with C. Martin, he and other African-American technicians were subjected to treatment that was disparate from their white

counterparts, including: not being provided lockers to store their tools, denial of tuition reimbursement requests, not being provided impact drills, having work order requests ignored, and being assigned to respond to emergency outages and maintenance requests without being provided keys to the company vehicles. (*Id.* ¶¶ 14, 17–18, 20–21).  Plaintiff further alleges that he and other African-American technicians endured racist treatment from their non-African-American coworkers, which was tolerated by the supervisors, including: open use of the word "nigger" in Plaintiff's presence and the placement of a sign reading "ITS COLD NIGGA" on another employee's locker. (*Id.* ¶¶ 24–26).  Additionally, Plaintiff alleges that he personally was subjected to numerous hostile actions by his coworkers and supervisors, including: being suspended without pay for failing to write a report he was never trained to write, having to pick up other technicians' trash, having the lock on his locker cut and his locker searched[1] without his consent, being blamed for damaged equipment, being written up for substandard work, being assigned work he could not complete in time, being denied a transfer request, and having work he had been assigned be reassigned to another technician. (*Id.* ¶¶ 22–23, 27–30, 33, 42).  However, while perhaps implied in the Complaint, many of the allegations of these hostile actions against Plaintiff do not indicate a racial motivation. *See, e.g.*, (*Id.* ¶ 22) ("Price also reprimanded Plaintiff for leaving trash and debris in the vehicle, but no other employees had been written up for similar conduct.  Price then tried to have Plaintiff dismissed for insubordination.  Plaintiff grieved the incident to the Union, and Plaintiff ended up not being dismissed.").

In response to the allegedly hostile work environment, Plaintiff's counsel issued several complaints to C. Martin, and Plaintiff filed a questionnaire with the EEOC documenting the discrimination he was experiencing. (*Id.* ¶ 38).  However, these actions led Plaintiff's

---

[1] Plaintiff does not explain the inherent contradiction between his allegation that he and other African-American employees were not given lockers and his allegation that his locker was broken into without his permission. *See* (Compl. ¶¶ 14, 27, ECF No. 1).

coworkers to further isolate him and increased the number of reprimands he received for various incidents. (*Id.* ¶¶ 38, 41). Ultimately, on or around June 6, 2014, Plaintiff requested to leave early from his shift on June 8, 2014 so he could get enough rest to attend a mandatory OSHA class on June 9, 2014. (*Id.* ¶ 43). However, this request appears not to have been granted because on June 13, 2014, Plaintiff was discharged for leaving his job without his supervisor's permission. (*Id.*). Plaintiff subsequently obtained a right to sue letter from the EEOC on October 20, 2014 and filed his Complaint with this Court on January 15, 2015, asserting claims for (1) race discrimination in violation of Title VII, (2) race discrimination in violation of §1981, and (3) retaliation in violation of Title VII and § 1981. (*Id.* ¶¶ 44–76).

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

### A. Price's Motion to Dismiss

In his Motion to Dismiss, Price presents two arguments for dismissal of Plaintiff's claims against him. (Price MTD 5:14–7:9, ECF No. 12). First, he argues that Title VII liability does not extend to individual supervisors who do not meet the statutory definition of employer, so Plaintiff's Title VII claims against him individually must fail. (*Id.* 5:14–6:4). Second, Price argues that Plaintiff's race discrimination and retaliation claims in violation of § 1981 are insufficiently pled and must be dismissed. (*Id.* 6:5–7:9). The Court agrees.

Regarding his first argument, Price is correct that in the Ninth Circuit, individual supervisor defendants cannot be held liable for damages under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (finding that Congress did not intend to impose individual liability on employees under the statutory scheme found in 42 U.S.C. § 2000e). Indeed, Plaintiff concedes in his Response that his Title VII claims "are more appropriately brought against [PAE] and [C. Martin]" and that his first cause of action and reference to Title VII in his third cause of action should be dismissed as to Price. (Resp. to

Price MTD 2:9–17, ECF No. 19).  Accordingly, Plaintiff's Title VII claims against Price in both his first cause of action and his third cause of action are dismissed with prejudice.[2]

Regarding his second argument, in order to sufficiently plead his discrimination claim under § 1981,[3] Plaintiff must allege: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin America Inc.*, 781 F.Supp.2d 944, 954 (N.D. Cal. 2011).  While "claims under 42 U.S.C. § 1981 do not require allegations of conspiracy," Plaintiff "must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).  However, at the motion to dismiss stage, "overt acts coupled with racial remarks are sufficient to state a claim." *Id.* at 1345. Moreover, "[t]o be held individually liable under § 1981, an individual must personally participate in the discriminatory acts or be informed of the wrongdoing of his or her subordinates but be grossly negligent or deliberately indifferent as to their supervision." *Kaulia v. Cnty. of Maui, Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 981 (D. Haw. 2007); *see also Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) ("[I]n order to make out a claim for individual liability under § 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action."); *Fielder v. Sterling Park Homeowners Ass'n*, 914 F. Supp. 2d 1222, 1227 (W.D. Wash. 2012) ("To successfully plead a §§ 1981 or 1982 claim against individual directors, a plaintiff must allege that the directors were personally involved in the discrimination.").

---

[2] Although not explicitly stated in the Response, Plaintiff also appears to concede that his Title VII claims should be dismissed as to Cassel as well.  Moreover, the rationale for dismissing the Title VII claims against Price appear to equally apply to the claims against Cassel.  Therefore, Plaintiff's Title VII claims against Cassel are also dismissed with prejudice.

[3] Section 1981 provides, in pertinent part, that "all persons within the jurisdiction of the United States shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a).

In his Complaint, Plaintiff specifically mentions Price a handful of times, but his allegations against Price are insufficient to state a claim for discrimination under § 1981.  In the Complaint, Plaintiff alleges: "Price falsified a government work order and added Plaintiff's name to the document"; "Price provided impact drills . . . to white employees, but Plaintiff was denied the drill when he requested one"; "Price called Plaintiff into his office and threatened to write him up if there were any delinquent work orders on Plaintiff's shift during the week"; "Plaintiff was written up by Price and suspended without pay for not filling out an 1800 vehicle report. . . . Price also reprimanded Plaintiff for leaving trash and debris in the vehicle, but no other employees had been written up for similar conduct.  Price then tried to have plaintiff dismissed for insubordination"; and "Price . . . leaked confidential information to other non-African-American employees regarding Plaintiff [and] these employees began to be openly hostile to Plaintiff." (Compl. ¶¶ 15, 18–19, 22, 24 ECF No. 1).

These allegations, however, do not show any intent on the part of Price to discriminate against Plaintiff because of his race.  There are no allegations that Price made or ratified any overtly racial acts or remarks.  Indeed, most of Plaintiff's allegations against Price appear to have no relation to Plaintiff's race at all, and merely show that Price subjected Plaintiff to negative treatment which other employees, including the white employees, did not suffer.  Furthermore, Plaintiff's allegations involving the actions of unnamed supervisors, as well as his conclusory assertion that other non-African-American employees were "openly hostile" to him after talking to Price, do not show that Price personally participated in the discriminatory acts or was informed of the wrongdoing and was grossly negligent or deliberately indifferent to it.  Therefore, Plaintiff's allegations against Price for discrimination under § 1981 fall short of the pleading standard established in *Iqbal* and *Twombly*. *See Middlebrooks v. Godwin Corp.*, 722 F.Supp.2d 82, 88 (D.D.C. 2010) ("[I]n order to pursue a cause of action under § 1981, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled

to pursue relief.  Rather, plaintiff must allege some facts that demonstrate that his race was the reason for a defendant's actions.").

Turning to Plaintiff's retaliation claims, in order to sufficiently plead a retaliation claim under § 1981, Plaintiff must allege: "(1) []he engaged in a protected activity; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the two." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).  However, none of Plaintiff's allegations involving Price relate to an adverse employment actions suffered by Plaintiff as a result of his engaging in a protected activity.  Therefore, Plaintiff has failed to plead any facts supporting a retaliation claim against Price under § 1981.

Accordingly, Plaintiff's discrimination and retaliation claims against Price arising under § 1981 must be dismissed.  However, because Plaintiff may be able to amend his Complaint to add sufficient allegations against Price to meet the necessary pleading standard, these claims are dismissed without prejudice.

### B. PAE's Motion to Dismiss

In its Motion to Dismiss, PAE argues that all claims against it should be dismissed because Plaintiff was an employee of C. Martin not PAE and all of the allegations contained in the Complaint refer to the actions of C. Martin's employees for which PAE is not liable. (PAE MTD 3:18–6:18, ECF No. 14).  The Court agrees.

Title VII makes certain employment practices by an "employer" unlawful. 42 U.S.C. §2000e-2(a).  Therefore, in order to sufficiently plead his claims under Title VII against PAE, Plaintiff must allege that an employer-employee relationship existed between PAE and himself. *See Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 944 (9th Cir. 2010) ("Murray is entitled to the protections of Title VII only if she is an employee."); *E.E.O.C. v. Global Horizons, Inc.*, 23 F. Supp. 3d 1301, 1308 (E.D. Wash. 2014) ("[A] defendant must be deemed to be an employer of the claimed aggrieved employee in order for Title VII to apply.").  In his

Complaint, however, Plaintiff acknowledges that his employer was C. Martin, and PAE's only connection to Plaintiff was as a general contractor that had contracted C. Martin to perform work which involved Plaintiff. (Compl. ¶¶ 12–13, ECF No. 1). Therefore, Plaintiff has failed to plead PAE was his employer and thus has not sufficiently pled his Title VII claims against PAE.

Moreover, in regards to both his Title VII and his § 1981 claims, Plaintiff's Complaint fails to assert any allegations that PAE or any of its employees ever performed any discriminatory acts against Plaintiff. All of Plaintiff's factual allegations relate to C. Martin's employees, and in his causes of action, Plaintiff merely lumps PAE in with C. Martin and concludes that it is also liable for the actions of C. Martin's employees. *See, e.g.*, (*Id.* ¶ 49) ("PAE and C. Martin intentionally subjected Plaintiff to racially discriminatory conduct including but not limited to, falsifying work orders, denying Plaintiff's tuition reimbursements . . . ."). However, Plaintiff provides no grounds for holding PAE liable for the alleged discrimination of C. Martin's employees, and thus has failed to adequately plead any claim against it arising under either a Title VII or § 1981. *See Rhodes v. Sutter Health*, 949 F.Supp.2d. 997, 1007–08 (E.D. Cal. 2013) ("The court believes it would be an untenable notion for a corporate entity to face potential liability for another entity's discriminatory acts simply because the one contracted to provide services to the other."). Accordingly, all of Plaintiff's claims against PAE must be dismissed.

In his Response, Plaintiff counters that PAE is his joint employer with C. Martin, and therefore is also liable for the discrimination allegedly performed by C. Martin's employees. (Resp. to PAE MTD 2:14–4:15, ECF No. 21). Plaintiff's Response, however, merely cites an incorrect legal standard for finding that PAE was his employer[4] and asserts that proof of this

---

[4] The test applied to determine whether an entity is an employer for Title VII has been adopted from the employee-versus-independent contractor setting, and focuses primarily on the alleged employer's control of the terms and conditions of the plaintiff's employment. *See Murray*, 613 F.3d at 945–46 (applying the individual

standard will require discovery. (*Id.*).  Therefore, because Plaintiff failed to articulate any basis for finding PAE liable for the actions of C. Martin's employees in his Complaint or Response and apparently believes that he will be unable to sufficiently plead PAE's liability without some additional facts being uncovered during discovery, the Court is skeptical that Plaintiff will be able to amend his Complaint to adequately plead a cause of action against PAE. However, because it is not clear at this time that amendment would be futile, the Court will only dismiss Plaintiff's claims against PAE without prejudice.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Price's Motion to Dismiss (ECF No. 12) is **GRANTED**.  Plaintiff's discrimination and retaliation claims under Title VII against Defendants Price and Cassel are dismissed with prejudice.  Plaintiff's discrimination and retaliation claims under § 1981 against Defendant Price are dismissed without prejudice.

**IT IS FURTHER ORDERED** that PAE's Motion to Dismiss (ECF No. 14) is **GRANTED**.  All of Plaintiff's claims against PAE are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order. Failure to file an amended complaint by this date will result in dismissal of all of his claims against PAE and his § 1981 claims against Price with prejudice.

**DATED** this __18__ day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

contractor versus employee test articulated in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (U.S. 1992)); *see also E.E.O.C. v. Pac. Mar. Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003) (applying an "economic reality test" focusing on the defendant company's control of the terms and conditions of employment to determine whether the defendant was liable as a "joint employer" with plaintiff's primary employer).