# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NECO MURRAY,<br><br>    Plaintiff(s),<br><br>vs.<br><br>PACIFIC ARCHITECTS AND ENGINEERS INC., et al.,<br><br>    Defendant(s). | Case No. 2:15-cv-00087-GMN-NJK<br><br>ORDER<br><br>(Docket No. 44) |

  On October 8, 2015, the Court granted Defendant C. Martin Company's motion to compel. Docket No. 40. In doing so, the Court ordered that any motion for attorneys' fees resulting from that order be filed no later than October 15, 2015. *See id.* Defendant has now filed that motion. Docket No. 44. Plaintiff's counsel filed a response in opposition, and Defendant filed a reply. Docket No. 48, 51. The motion came on for a hearing on November 20, 2015. *See* Docket No. 54.[1] For the reasons discussed more fully below, the motion is hereby **DENIED**.

  Through the pending motion, Defendant seeks an award of $2,650 in attorneys' fees in relation to work performed on the underlying motion to compel. *See* Docket No. 44 at 1; *see also* Docket No. 44-1. Defendant initially sought an award of attorneys' fees against both Plaintiff and Plaintiff's counsel. *See* Docket No. 44 at 2. The response to the motion for attorneys' fees filed by Plaintiff's counsel argued that attorneys' fees should be awarded against Plaintiff only, while simultaneously

---

[1] A transcript of the hearing is not currently available. The Court will reference the hearing through citation to the audio recording, and will note the relevant time of the hearing in the citation.

acknowledging that Plaintiff's counsel has a conflict of interest in seeking to heave onto Plaintiff the full responsibility to pay any sanctions awarded. *See* Docket No. 48 at 3-4 & n.1.[2] Following the filing of that response, Defendant's counsel and Plaintiff's counsel agreed among themselves that Defendant would seek attorneys' fees only against Plaintiff himself as part of a larger agreement regarding various issues ancillary to the sanctions determination. Hearing Rec. (11/20/2015) at 11:09, 11:14 a.m. Defendant has now formally withdrawn its request to recover attorneys' fees against Plaintiff's counsel and seeks an order imposing fees only against Plaintiff himself. *See, e.g.*, Hearing Rec. (11/20/2015) at 11:14 - 11:15 a.m.

In light of Defendant's decision to withdraw its request for sanctions against Plaintiff's counsel, the Court will proceed to resolve the motion only with respect to the request for sanctions against Plaintiff himself. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides for the recovery of expenses incurred in bringing a motion to compel that is granted. While an award of expenses is generally permitted once a motion to compel is granted, expenses are not appropriately awarded when the circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Courts have "great latitude" in determining whether to impose sanctions pursuant to Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985); *see also* 8B Wright, Miller, & Marcus, FEDERAL PRACTICE & PROCEDURE § 2284, at 439 (2010) (noting that Rule 37 is "flexible" and that district courts have broad discretion regarding Rule 37 sanctions).

Plaintiff advances several arguments that an award of attorneys' fees would be unjust. First, Plaintiff argues that an award of attorneys' fees would be unjust because Plaintiff is indigent. *See* Docket No. 48 at 4. "[F]inancial indigence by itself does not necessarily make an award of expenses unjust." *Garity v. Donahue*, 2014 WL 1168913,*5 (D. Nev. Mar 21, 2014). Nonetheless, a litigant's indigence may be considered as a factor in determining how best to address noncompliance with discovery obligations. *See Long v. Libertywood Nursing Ctr.*, 2014 WL 3696257, *3 (M.D.N.C. July 23, 2014); *see also Painter v. Atwood*, 2013 WL 4774762, *3 (D. Nev. Sept. 3, 2013). Given the

---

[2] It is unclear whether Plaintiff himself was involved in any way in the preparation of the response. The response was not served on Plaintiff. *See* Docket No. 48 at 9 (proof of service).

circumstances of particular cases, some courts have declined to award attorneys' fees altogether. *See Long*, 2014 WL 3696257, at *3; *Williams v. Platt*, 2005 WL 1950267, *2 (W.D. Okla. July 29, 2005). In this case, Plaintiff appeared at the hearing on the motion and, through his counsel, represented that he was recently homeless for a period of time, he is now living in his brother's home, and he currently derives only limited income from temporary employment opportunities. Hearing Rec. (11/20/2015) at 11:21 a.m.

Second, Plaintiff argues that his conduct was not intentional or in bad faith. *See* Hearing Rec. (11/20/2015) at 11:23 a.m. "While a finding of bad faith is not a requirement for imposing sanctions, good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The record is clear in this instance that Plaintiff was not acting in bad faith. Instead, it appears that the delay in providing the information necessary to respond to the relevant discovery requests was caused by Plaintiff's changed life circumstances that included Plaintiff's counsel attempting to communicate with Plaintiff through a phone number controlled by his now-estranged wife, who was not relaying messages to Plaintiff despite contrary representations. *See, e.g.*, Docket No. 48 at 6. The lack of bad faith is also evidenced by Plaintiff's attempts to comply with his discovery obligations when he was in contact with his attorneys. *See id.*; *see also* Hearing Rec. (11/20/2015) at 11:22 - 11:23 a.m.

Based on the circumstances in this case, the Court declines to impose a sanction of attorneys' fees against Plaintiff. <u>The Court puts Plaintiff on notice moving forward, however, that he must comply with his discovery-related obligations and that the failure to do so may result in the imposition of sanctions against him, including dismissal of this action.</u>

**IT IS SO ORDERED.**

DATED: November 20, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge